Filed 12/27/21  P. v. Muscat CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RYAN EDGAR WAYNE MUSCAT,<br><br>      Defendant and Appellant. | C092912<br><br>(Super. Ct. Nos.<br>18CF00378,18CF06664) |

Defendant Ryan Edgar Wayne Muscat appeals a judgment entered following his conviction by jury of assault by means of force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] with a special allegation that defendant inflicted great bodily injury (§ 12022.7, subd. (a)) and his no contest plea to two counts of battery by gassing correctional officers (§ 243.9, subd. (a)).  Both cases also had true findings that defendant

---

[1]      Further undesignated statutory references are to the Penal Code.

1

had been previously convicted of a serious felony (§ 667, subd. (a)(1)) and had suffered a prior strike (§§ 667, subds. (b)-(i), 1170.12).

Defendant's sole argument on appeal is that he is entitled to remand for resentencing because the trial court misunderstood its sentencing discretion and his attorney rendered ineffective assistance of counsel by not informing the court that it had the ability to strike the prior strike in the jury conviction case. As we shall explain, we disagree and will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant received a jury trial in case No. 18CF00378 (the jury case) to resolve the allegations he committed battery with serious bodily injury (§ 243, subd. (d); count 1); assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4); count 2); and a special allegation that defendant inflicted great bodily injury while committing count 2 (§ 12022.7, subd. (a)). The jury found defendant not guilty of count 1 (including its lesser included offense of battery), guilty of count 2, and found true the special allegation that defendant had personally inflicted great bodily harm. Thereafter, in a bifurcated proceeding, the trial court determined the enhancement allegations that defendant had been previously convicted of a serious felony (§ 667, subd. (a)(1)) and had suffered a prior strike (§§ 667, subds. (b)-(i), 1170.12) were true.

Defendant pleaded no contest in case No. 18CF06664 (the plea case) to two counts of battery by gassing of correctional officers (§ 243.9, subd. (a)) and admitted that he had suffered a prior serious felony conviction (§ 667, subd. (a)(1)) and a prior strike (§§ 667, subds. (b)-(i), 1170.12). In exchange, the People dismissed a pending felony case and a pending misdemeanor case with a *Harvey*[2] waiver. The stipulated factual basis for the

---

**2**      *People v. Harvey* (1979) 25 Cal.3d 754.

2

plea was taken from the probation report, which stated that defendant had thrown a milk carton filled with urine, hitting two correctional officers in the face and uniform.

At the original sentencing hearing for both the jury and plea cases, defense counsel informed the court that defendant wished to file a *Romero*[3] motion to strike his prior strike, which the People and defense counsel agreed would violate the plea deal if filed in the plea case. Defense counsel was considering filing such a motion in the jury case, which the People opposed as violating the plea deal given that the People had dismissed pending actions with an understanding that defendant would be subject to a certain amount of custody time. Nonetheless, the trial court informed the parties it would not violate the plea deal to *file* that motion, that the matter would be continued to allow defendant to file that motion (if he so elected), and that if he did file the motion and the court elected to strike the strike in the jury case, it would then be incumbent upon the People to argue a violation of defendant's plea agreement.

At the outset of defendant's next sentencing hearing, defense counsel informed the court that she had discussed the possibility of filing a *Romero* motion with defendant, including the People's position that any such motion would violate his plea deal, and that defendant had elected not to file a *Romero* motion. The court confirmed this with defendant. Thereafter, the court sentenced defendant to an aggregate prison term of 18 years. For the jury case, the court imposed the midterm, doubled to six years because of the prior strike for the assault count, plus three years for the bodily injury enhancement, plus five years for the serious felony enhancement. For the plea case, the court imposed consecutive terms of two years each (one-third the midterm doubled for the prior strike). The court further imposed fines and fees and awarded custody credits, the propriety of which are not disputed in this appeal. Defendant timely appealed.

---

**3**      *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

3

As previously stated, defendant requests a new sentencing hearing on the basis that the trial court misunderstood its sentencing discretion and that his trial attorney rendered ineffective assistance of counsel for not informing the court that it had the ability to strike the prior strike for the jury case. We disagree.

Taking the second assertion first, "[t]o show ineffective assistance of counsel, defendant has the burden of proving that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. [Citations.] [¶] Generally, failure to object is a matter of trial tactics as to which we will not exercise judicial hindsight. [Citation.] 'When a defendant makes an ineffectiveness claim on appeal, the appellate court must look to see if the record contains any explanation for the challenged aspects of representation. If the record sheds no light on why counsel acted or failed to act in the manner challenged, "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation" [citation], the contention must be rejected.' [Citation.] A reviewing court will not second-guess trial counsel's reasonable tactical decisions. [Citation.]" (*People v. Kelly* (1992) 1 Cal.4th 495, 519-520.) " '[E]ven "debatable trial tactics" do not "constitute a deprivation of the effective assistance of counsel." [Citation.]' " (*People v. Weaver* (2001) 26 Cal.4th 876, 928.) Effective assistance is not perfect assistance.

Here, defendant faults his trial counsel for not recognizing that the trial court's possible striking of defendant's prior strike in the jury case would not violate the plea agreement. We do not read the record this way.

Defense counsel was considering filing such a motion and received a continuance of the original sentencing hearing for the purpose of filing that motion. Defense counsel

4

then discussed with defendant the People's position that striking the prior strike in the jury case would violate the plea agreement. Defendant, himself, heard the People make this argument at length at the original sentencing hearing. At that hearing, the trial court informed the parties that there was no bar to the filing of any such motion and provided an opportunity for that motion to be filed and for a later sentencing hearing where the court would hear both positions and decide; the court then granted defense counsel a continuance for the requested time period. Thereafter, defendant elected not to file a *Romero* motion to strike the prior strike. Thus, defendant has not demonstrated that his attorney misunderstood anything. Rather, the record supports a tactical decision not to bring that motion made in coordination with counsel, which we will not disturb on appeal. (*People v. Kelly, supra*, 1 Cal.4th at pp. 519-520.)

Further, we disagree with defendant's argument that the trial court misunderstood its discretion requiring remand for resentencing. Nothing in the record suggests that the trial court *misunderstood* its discretion to strike a prior strike under *Romero* and its prodigy. Rather, the trial court correctly informed the parties that if defendant chose to file a *Romero* motion in the jury case, it would then pass to the court to determine whether to grant that motion. The court opined that the filing of the motion would not violate any plea agreement. Only if the court elected to strike the strike would the People's arguments concerning the scope of the plea agreement come into play. Thus, defendant has failed to overcome the presumption that the trial court understood the applicable law. (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) Accordingly, defendant's claim fails.

5

DISPOSITION

The judgment is affirmed.

_____\s\_____
BLEASE, Acting P. J.

We concur:


_____\s\_____
ROBIE, J.


_____\s\_____
DUARTE, J.